UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 14 2013
Clerk, U.S. District and Bankruptcy Courts

Alan William Golder, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
Eric Holder, United States Attorney General *et al.*, )
) 13-900
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting).

Plaintiff is a prisoner at the MacDougall Correctional Institution in Suffield, Connecticut, seeking an order to compel the Department of Justice "to honor their promise and admit me back into the Federal Bureau of Prisons, Federal Witness Security Unit . . . ." Compl. at 5. Plaintiff alleges that in 1980 in return for his cooperation in the investigation and prosecution of members of a reputed organized crime family, he was promised placement in the Federal Witness Security Program authorized by 18 U.S.C. § 3521. He pled guilty "in New York" to second degree murder and other charges and was released to parole in May 1995, "conditionally into the Federal Witness Program only." Compl. at 6. Allegedly, plaintiff "was denied acceptance into the program, . . . paroled in the very epicenter of my danger zone . . ., recognized and . . . severely beaten." *Id.* at 6-7. He eventually fled the United States in fear for his safety. *Id.* at

1

7. Plaintiff "settled" in Belgium where he lived for nine years until his arrest and extradition to the United States on outstanding warrants. *Id.*

Despite the requested relief to be admitted "back" into the witness protection program, plaintiff does not establish that he actually participated in the program. Regardless, "[t]he decision of the Attorney General to terminate [witness] protection shall not be subject to judicial review," 18 U.S.C. § 3521(f), and "[t]he United States and its officers and employees shall not be subject to any civil liability on account of any decision to provide or not to provide protection. . . ." 18 U.S.C. § 3521(a)(3); *see Hansen v. Lappin*, 800 F. Supp. 2d 76, 83 (D.D.C. 2011) (dismissing for lack of jurisdiction "[b]oth plaintiff's claim for review of his termination and his claim for reinstatement into the Program") (citing cases). Hence, this case will be dismissed for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

/s/ 
United States District Judge

DATE: June 6th, 2013